UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FRED NEKOUEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-CV-01465-SPM |
| | ) | |
| LVP DEPAUL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Fred Nekouee's Motion for Leave to File First Amended Complaint (Doc. 31). Defendant LVP DePaul, LLC has filed a memorandum in opposition to the motion. (Doc. 32).

Plaintiff filed his initial complaint on May 8, 2017, alleging various violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 *et seq.*, at a shopping plaza owned by Defendant. Specifically, Plaintiff alleged ADA violations in the parking lot and in the interior of a Panera Bread restaurant. At a Rule 16 Scheduling Conference held on November 9, 2017, counsel for the parties advised the Court that the Panera Bread restaurant described in the Complaint had been closed and its business operations had been moved to a new location. The Court issued an initial case management order stating that all discovery in the case was stayed pending a ruling on the motion to dismiss and stating that the parties were required to file supplemental briefs to address how the change in location of the Panera Bread restaurant would affect the pending motion to dismiss. In Defendant's supplemental brief, Defendant pointed out that because the Panera Bread restaurant described in the Complaint was no longer in operation, Plaintiff could not show a likelihood of future injury and thus could not establish standing. Plaintiff

1

also argued that all of the alleged violations related to the Panera Bread restaurant in the Complaint were moot. In Plaintiff's supplemental brief, Plaintiff indicated that he was seeking an inspection of the new Panera Bread restaurant, a request Defendant opposed. On December 19, 2017, the Court held a telephone conference with counsel for the parties to discuss the status of the pending motion to dismiss and Plaintiff's request for discovery.

On December 26, 2017, Plaintiff filed his Motion for Leave to File First Amended Complaint. In the motion and attached exhibits, Plaintiff indicates that on December 20, 2017, he visited and patronized the new Panera Bread restaurant. The proposed First Amended Complaint omits allegations related to the no-longer-existent Panera Bread restaurant and includes allegations of ADA violations at the new Panera Bread restaurant, as well as allegations related to the parking lot.

Under Rule 15(a)(2) of the Federal Rule of Civil Procedure, Plaintiff may amend his complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Court "should freely give leave when justice so requires." *Id.* "A district court appropriately denies the movant leave to amend if 'there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'" *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)).

The Court finds that justice requires permitting Plaintiff leave to amend his complaint. It is undisputed that circumstances have changed since the original complaint was filed, and the proposed First Amended Complaint addresses that change by replacing the allegations related to the no-longer-existent Panera Bread restaurant with allegations related to the Panera Bread restaurant that is currently in operation. The First Amended Complaint provides clarity regarding

the issues actually in dispute in this lawsuit, which will place the Court in a better position to develop a scheduling order, resolve discovery disputes, and evaluate dispositive motions. In addition, this litigation is in its earliest stages, and this amendment is well within the parties' own jointly proposed deadline for amendment of pleadings—March 1, 2018. *See* Doc. 20.

In addition, Defendant has not shown any undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, futility, or undue prejudice to Defendant that would justify denying leave to amend. The arguments Defendant offers in opposition to the motion for leave to amend are unpersuasive. Defendant points out that in a telephone status conference with the Court on December 19, 2017, Plaintiff's counsel stated that he was not seeking leave to file an amended complaint, yet Plaintiff's counsel sought such leave a week later. However, Defendant does not explain how Plaintiff's counsel's change of position prejudiced it in any way. Defendant also points out that although Plaintiff's counsel stated at the status conference that he was not seeking an inspection of the new Panera Bread restaurant location, Plaintiff visited and inspected the new Panera Bread restaurant the next day. Again, however, Defendant does not explain how those facts prejudiced Defendant or why those facts would justify denying a request for leave to amend the complaint.

For all of the above reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 31) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 12) is **DENIED** as moot.

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 3rd day of January, 2018.