UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRED NEKOUEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LVP DEPAUL, LLC, | ) |
| | ) |
| Defendant/Third-Party Plaintiff, | ) Case No. 4:17-CV-01465-SPM |
| | ) |
| and | ) |
| | ) |
| PANERA, LLC, | ) |
| | ) |
| Third-Party Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the Motion to Consolidate filed by Defendant/Third-Party Plaintiff LVP DePaul, LLC ("LVP DePaul"), seeking to consolidate the instant case with two other cases filed by Plaintiff. (Doc. 63). Plaintiff Fred Nekouee ("Plaintiff") has filed a Response opposing the Motion to Consolidate. (Doc. 64).[1] Third-Party Defendant Panera, LLC ("Panera") has also filed a response opposing the Motion to Consolidate. (Doc. 67). LVP DePaul has not filed a reply brief.

---

[1] Plaintiff opposes the motion to consolidate the other two cases with the instant case, but states that he has no objection to consolidation of the other two cases with one another. The Court will not address the issue of whether the other two cases should be consolidated with one another, separate from the instant case. Any motion to consolidate two cases not before the undersigned would need to be filed in the case of those two that bears the lower case number. *See* E.D. Mo. L.R. 4.03.

## I. BACKGROUND

Plaintiff is a Georgia resident and an individual with a disability. LVP DePaul is the owner of an outdoor retail shopping area located in Bridgeton, Missouri known as "The Plaza at DePaul" (the "Plaza"). The instant case was originally filed on May 8, 2017, and Plaintiff filed an Amended Complaint on January 4, 2018. Plaintiff alleges that several aspects of the Plaza do not comply with the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA"). Plaintiff's allegations in the instant case are related to the part of the Plaza located at or near 12238 St. Charles Rock Road, including allegations of noncompliance in the parking lot in front of an ALDI store, in the parking lot in front of a Panera restaurant, and in the interior of the Panera restaurant. On May 11, 2018, LVP DePaul filed a Third-Party Complaint against Panera, alleging two state-law claims: one for indemnification and contribution for Plaintiff's action against LVP DePaul based on the terms of a lease agreement between LVP DePaul and Panera, and one for breach of contract based on Panera's failure to indemnify or defend LVP DePaul in this action. (Doc. 52).

LVP DePaul now seeks to consolidate the instant action with two other cases filed by the same plaintiff against LVP DePaul alleging ADA violations at other parts of the Plaza: *Fred Nekouee v. LVP DePaul, LLC*, Case No. 4:18-CV-158-RWS, and *Fred Nekouee v. LVP DePaul, LLC*, Case No. 4:18-CV-174-JAR. In case number 4:18-CV-158-RWS, Plaintiff's allegations relate to the portion of the Plaza at or near 12298 St. Charles Rock Road, including alleged violations in the interior of the Jack in the Box restaurant and in the portions of the parking lot serving that restaurant. In case number 4:18-CV-174-JAR, Plaintiff's allegations relate to the portion of the Plaza at or near 12294 St. Charles Rock Road, including alleged violations in the

interior of a Long John Silver's and A & W restaurant and in the portions of the parking lot serving that restaurant.

## II. DISCUSSION

Under Rule 42(a) of the Federal Rules of Civil Procedure, the Court "may" consolidate actions before the Court if the actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The Court has broad discretion in deciding whether to order consolidation. *See Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994). However, "the mere fact that a common question is present, and that consolidation is permissible under Rule 42(a), does not mean that the trial court judge must order consolidation." *Johnson v. Doyle*, No. 4:07-CV-1843-AGF, 2010 WL 1692212, at *1 (E.D. Mo. April 27, 2010) (quoting 9A Wright & Miller, Fed. Prac. & Proc. Civ. § 2383 (3d ed. 2010)). "There are many reasons why a district judge may deny a request for consolidation of separate cases. For example, a motion under Rule 42(a) may be denied if the common issue is not central to the resolution of the cases, or if consolidation will cause delay in the processing of one or more of the individual cases, or will lead to confusion or prejudice in the effective management or trial of one or more of the cases." *Id. See also EEOC v. HBE Corp.,* 135 F.3d 543, 551 (8th Cir. 1998) ("Consolidation is inappropriate . . . if it leads to inefficiency, inconvenience, or unfair prejudice to a party.). "The party seeking consolidation has the burden of showing the commonality of factual and legal issues, and the Court must examine 'the special underlying facts' with 'close attention' before ordering a consolidation." *PB & J Software, LLC v. Acronis, Inc.*, No. 4:12-CV-690-SNLJ, 2012 WL 4815132, at *2 (E.D. Mo. Oct. 10, 2012) (quoting *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993)).

LVP DePaul has not met its burden of showing that consolidation is appropriate here. First, LVP DePaul has not shown that common issues of law or fact exist in the three cases. Although the three cases involve alleged violations of the same or similar ADA provisions, LVP DePaul does not identify any particular disputed legal issues the Court will need to decide that are common to the three cases. In addition, although the three cases involve restaurants and parking lots that are located close to one another geographically, it appears that the specific facts that will need to be determined in each case (for example, the height of a particular door handle inside a particular restaurant) will involve completely distinct factual inquiries. LVP DePaul does not identify any specific factual questions common to the three cases. The Court further notes that the instant case involves an entirely separate set of state-law claims against a third-party defendant—LVP DePaul's state-law claims against Panera for contribution and breach of contract—that will involve interpretation of the lease agreement between LVP DePaul and Panera. LVP DePaul has not suggested that those state-law claims have anything in common, factually or legally, with any issues that have arisen or that will arise in the other two cases.

Moreover, even assuming that there are some issues of fact or law common to the three cases, the Court finds that consolidation of the instant action with the other two cases is inappropriate because it would likely cause delay and unfair prejudice to Plaintiff and to Third-Party Defendant Panera, and because it is unlikely to promote efficiency or judicial economy. To the extent that there are any common issues between the three cases, LVP DePaul has not shown that any such commonality is central to the resolution of the cases. In addition, it appears likely that each of these three cases will involve its own third-party claims against a separate lessee. LVP DePaul has already brought third-party claims against Panera under its lease with Panera related to the ADA compliance violations alleged in this case, and it has suggested that it will

seek to bring in its separate lessees in the other case. *See* Defendant/Third-Party Plaintiff LVP DePaul, LLC's Objection to Plaintiff's Request for Inspection of Premises, Doc. 59 (requesting that an inspection of premises be denied until the cases are consolidated and "the lessees involved in those cases have entered into the case"). The potential combination of three separate sets of state-law claims against three separate third-party defendants, each with its own counsel and lease agreement to be interpreted, is likely to add complexity to the proceedings and potential delay in resolving each separate set of claims. Moreover, as Plaintiff and Panera point out, the instant case is significantly further along in the litigation process than are the other two cases. Plaintiff states that discovery has nearly been completed in this case. LVP DePaul has already brought third-party claims against Panera, and Plaintiff has already settled with Panera any claims Plaintiff might have had against Panera. In contrast, the other cases (which were filed several months after this one) appear to be in their earliest stages. The fact that cases are at significantly different stages of the pretrial process may weigh against consolidating those cases. *See A.O.A. v. Doe Run Resources Corp.*, No. 4:11-CV-44-CDP, 2016 WL 1182631, at *2-*3 (E.D. Mo. March 28, 2016) (denying motion to consolidate two groups of cases where discovery had progressed much further in one group; collecting cases addressing similar issues).

### III.  CONCLUSION

For all of the above reasons, the Court finds that LVP DePaul has not established that consolidation is warranted here. Accordingly,

**IT IS HEREBY ORDERED** that LVP DePaul's Motion to Consolidate (Doc. 63) is **DENIED**.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of August, 2018.