UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FRED NEKOUEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LVP DEPAUL, LLC, | ) | |
| | ) | |
| Defendant/Third-Party Plaintiff, | ) | Case No. 4:17-CV-01465-SPM |
| | ) | |
| and | ) | |
| | ) | |
| PANERA, LLC, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Motion to Dismiss LVP DePaul, LLC's Third-Party Complaint (Doc. 62), filed by Third-Party Defendant Panera, LLC. The motion has been fully briefed. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636. (Doc. 76).

**I.    FACTUAL BACKGROUND**

LVP DePaul, LLC ("LVP") is the owner of an outdoor retail shopping area located in Bridgeton, Missouri known as The Plaza at DePaul (the "Shopping Center"). The Shopping Center includes several stores and restaurants, as well as parking spaces. Panera, LLC ("Panera") currently operates a St. Louis Bread Company restaurant and several parking spaces located at the Shopping Center (the "Current St. Louis Bread Location"). Panera leases the space for the Current St. Louis Bread Location from LVP, pursuant to a lease agreement. Before moving to its

1

current location, Panera operated a St. Louis Bread Company restaurant and parking spaces at another location within the Shopping Center (the "Original St. Louis Bread Location").

On May 8, 2017, Plaintiff Fred Nekouee filed a Complaint against LVP, alleging that several aspects of the Original St. Louis Bread Location and several parking areas at the Shopping Center (including parking areas not controlled by Panera) did not comply with the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA"). Panera was not named as a defendant. On January 4, 2017, Plaintiff filed his First Amended Complaint, alleging that several aspects of the Current St. Louis Bread Location and several parking areas at the Shopping Center (again, including parking areas not controlled by Panera) did not comply with the ADA. Panera was again not named as a defendant.

On May 11, 2018, LVP filed a third-party complaint against Panera. LVP asserted one count of contribution, alleging that as part of the lease agreement, Panera was responsible for compliance with all ADA requirements, assumed all liability for non-compliance, and is required to indemnify, defend, and hold LVP harmless. Plaintiff also asserted one count of breach of contract, alleging that Panera breached its lease agreement with LVP by failing to indemnify or defend LVP in this action.

On July 11, 2018, Plaintiff filed a "Notice of Settlement of Claims Relating to St. Louis Bread Co." with the Court, stating that he had entered into a settlement agreement with Panera that fully resolved all claims that he had in this lawsuit with regard to both the Original St. Louis Bread Location and the Current St. Louis Bread Location. Plaintiff stated that he would "not be seeking any relief . . . in this lawsuit relating to the St. Louis Bread Co. Locations from LVP DePaul, LLC or any other party." (Doc. 60). Plaintiff subsequently filed a Second Amended Complaint against LVP in which he omitted any allegations related to the St. Louis Bread

Locations and alleged only allegations of ADA violations in the parking lot at the Shopping Center.[1]

In the instant motion, Panera moves to dismiss LVP's third-party complaint against it for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). LVP has filed a response in opposition to the motion, and Panera has filed a reply.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss an action based on lack of subject matter jurisdiction. To survive a motion to dismiss for lack of subject matter jurisdiction, the party asserting jurisdiction has the burden of establishing that subject matter jurisdiction exists. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

## III. DISCUSSION

"Federal courts are courts of limited jurisdiction." *Myers v. Richland County*, 429 F.3d 740, 745 (8th Cir. 2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and over all civil actions where the amount in controversy exceeds $75,000 and complete diversity of citizenship exists between the parties, 28 U.S.C. § 1332. In addition, subject to certain exceptions, "in any civil

---

[1] The text of the Second Amended Complaint does not specify the parts of the Shopping Center where the alleged ADA violations are located. However, the only allegation from the First Amended Complaint that specifically mentioned the St. Louis Bread Company parking lot is not included in the Second Amended Complaint. In light of Plaintiff's Notice of Settlement stating that he would not be seeking any relief relating to the St. Louis Bread Company Locations, the Court concludes that the alleged violations are not located at areas that are leased or controlled by Panera. The Court also notes that in its briefing on the instant motion, LVP does not dispute Panera's assertion that Plaintiff's ADA claim against LVP now only involves barriers in areas of the Shopping Center that have nothing to do with Panera.

action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

It is undisputed that this Court has original jurisdiction over Plaintiff's ADA claim against LVP pursuant to 28 U.S.C. § 1331, because that claim arises under a federal statute. It also appears to be undisputed that this Court does not have original jurisdiction over LVP's third-party claims against Panera, because those claims arise under state law and because LVP has not alleged facts supporting complete diversity of citizenship between the parties.[2] However, the parties disagree about whether this Court has supplemental jurisdiction over LVP's third-party claims against Panera pursuant to 28 U.S.C. § 1367(a).

As stated above, this Court has supplemental jurisdiction over LVP's state-law claims only if they "are so related to claims in the action . . . that they form part of the same case or controversy . . ." 28 U.S.C. § 1367(a). Claims are part of the same case or controversy if they "derive from a common nucleus of operative fact." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1997). *Accord Myers v. Richland Cty.*, 429 F.3d 740, 746 (8th Cir. 2005). "A [party's] claims derive from a common nucleus of operative fact if the 'claims are such that he would ordinarily be expected to try them all in one judicial proceeding.'" *One Point Sols., LLC v. Borchert*, 486 F.3d 342, 350 (8th Cir. 2007) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

The Court finds that Plaintiff's ADA claim against LVP and LVP's state-law contribution and breach of contract claims against Panera do not derive from a common nucleus of operative

---

[2] In its Third-Party Complaint, LVP alleges that both LVP and Panera are Delaware Limited Liability Companies, and LVP makes no allegations regarding the amount in controversy.

fact. As Panera argues, Plaintiff's ADA claim against LVP is now entirely directed toward areas of the Shopping Center that have nothing to do with Panera or the St. Louis Bread Locations. The litigation of Plaintiff's ADA claim will involve inquiries into whether specific physical conditions exist in the areas of the Shopping Center not controlled by Panera, whether those physical conditions violate the ADA, and whether LVP is liable for any such violations. Those inquiries are entirely unrelated to Panera, to any physical conditions that exist in the areas of the Shopping Center controlled by Panera, and to the lease agreement between Panera and LVP. In contrast, LVP's third-party contribution and breach of contract claims against Panera will be focused entirely on the terms of the lease agreement between LVP and Panera and whether Panera complied with its obligations under that agreement. To extent that issues related to specific physical conditions at the Shopping Center may need to be addressed as part of the third-party claims, those issues will be related to the Panera-controlled parts of the Shopping Center—parts of the Shopping Center that are not at issue in Plaintiff's ADA claim.

LVP's arguments in favor of finding that the two sets of claims derive from a common nucleus of operative fact are unpersuasive. LVP first argues that in Plaintiff's ADA lawsuit against LVP, the Court will determine the duties of LVP as owner of the property and the duties of the lessees of the property LVP owns—duties that would be relevant to LVP's claims against Panera. That argument might have some merit if LVP were making third-party claims against the lessee of the property that was the subject of Plaintiff's ADA claim. Here, however, LVP's third-party claims are being made against the lessee of property that is *not* the subject of Plaintiff's ADA claim. There is no reason why this Court would need to determine the respective duties of LVP and Panera in Plaintiff's ADA lawsuit, because Plaintiff is no longer seeking any relief for ADA violations at the Panera-controlled parts of the Shopping Center. LVP also argues that

"specific facts will be unearthed in the litigation that are central to LVP's third-party claims . . . " However, LVP does not identify any examples of such facts, and it is not at all clear to the Court what they would be.

For all of the above reasons, LVP has not met its burden of showing that this Court has supplemental jurisdiction over LVP's third-party claims against Panera. Plaintiff's ADA claim and LVP's third-party claims involve distinct geographic locations, distinct factual inquiries, and distinct legal inquiries. The Court concludes that these claims do not arise from a common nucleus of operative fact and are not part of the same case or controversy. Thus, this Court does not have supplemental jurisdiction over LVP's third-party claims, and they must be dismissed.

### III. CONCLUSION

For all of the above reasons,

**IT IS HEREBY ORDERED** that Panera, LLC's Motion to Dismiss LVP DePaul, LLC's Third-Party Complaint (Doc. 62) is **GRANTED**.

**IT IS FURTHER ORDERED** that LVP DePaul, LLC's Third-Party Complaint is **DISMISSED**, without prejudice.

                                                SHIRLEY PADMORE MENSAH
                                                UNITED STATES MAGISTRATE JUDGE

Dated this 31st day of October, 2018.